# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

CHADD M. HILLEN,

                Plaintiff,

vs.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

                Defendant.

2:16-cv-00913-JCM-VCF

**REPORT & RECOMMENDATION**

This matter involves Plaintiff Chadd Hillen's appeal from the Commissioner's final decision denying Hillen's social security benefits. Before the Court are Hillen's Motion for Reversal and/or Remand (ECF No. 25) and the Commissioner's Cross-Motion to Affirm (ECF No. 27). For the reasons stated below, the Court recommends denying Hillen's Motion and granting the Commissioner's Motion.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). Where, as here, the Commissioner of Social Security renders a final decision denying a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review is limited. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) ("[I]t is usually better to minimize the opportunity for reviewing courts to substitute their discretion for

that of the agency." (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014))). The Court examines the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). This means such relevant "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938); *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 523 (9th Cir. 2014).

If the evidence supports more than one interpretation, the Court must uphold the Commissioner's interpretation. (*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). This means that the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

In this case, the Administrative Law Judge ("ALJ") followed the five-step sequential evaluation process in 20 C.F.R. § 404.1520. The ALJ concluded Hillen did not engage in substantial gainful activity during the relevant timeframe. (ECF No. 16 at 21). The ALJ found Hillen suffered from medically determinable severe impairments consisting of degenerative joint disease of the lumbar spine, hypertension, diabetes mellitus, psoriatic arthritis in multiple joints and obesity, but the impairments did not meet or equal any "listed" impairment under 20 C.F.R.. Part 404, Subpart P, Appendix 1. (*Id.* at 21-23). The ALJ concluded Hillen retained the residual functional capacity to perform the full range of sedentary work, which would allow Hillen to perform past relevant work. (*Id.* at 23-25).

Though not explicitly stated, Hillen appears to limit his appeal to the ALJ's assessment of Hillen's residual functional capacity. Hillen does not assert that he suffered from additional medically determinable severe impairments or that his impairments equaled a "listed" impairment. Instead, Hillen appeals the ALJ's decision on two grounds relating to Hillen's ability to work. First, Hillen argues the ALJ failed to articulate specific and legitimate reasons for rejecting the treating physician's opinion. (*Id.* at 5). Second, Hillen argues the ALJ failed to articulate clear and convincing reasons for rejecting Hillen's testimony. (*Id.* at 11).

## I.      Discounting the Treating Physician's Opinion

In concluding that Hillen is capable of performing sedentary work, the ALJ gave little weight to the opinion of Dr. Allen, the treating physician. (*Id.* at 25). Dr. Allen opined that Hillen can sit for one hour within an eight-hour workday,[1] stand and/or walk less than two hours in an eight-hour workday, lift and/or carry up to ten pounds occasionally, never climb or balance, and do only limited reaching and handling. (*Id.* at 473-474).

Hillen asserts the ALJ's reasons for giving Dr. Allen's opinion little weight "does not reach the level of specificity required." (ECF No. 15 at 6-8). Hillen further argues the ALJ inserted his personal bias in rejecting Dr. Allen's course of treatment and failed to explain why the ALJ's interpretation, rather than the treating physician's interpretation, was correct. (*Id.* at 8-10).

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *See, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001).

---

[1]There is a potential inconsistency within Dr. Allen's opinion, as he also states Hillen "can sit 1 hour at a time" and he "would require break[s] every 1 hour." (ECF No. 16 at 473-474). However, neither the ALJ nor the parties have addressed this point.

If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including length of treatment relationship and frequency of examination. The opinion of a treating physician is not necessarily conclusive as to the existence of an impairment or the ultimate issue of a claimant's disability. *See, e.g.*, *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002).

When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record. *See Thomas*, 278 F.3d at 956-957. The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id*.

In this case, the ALJ presented sufficient specific and legitimate reasons to discount Dr. Allen's opinion. The ALJ stated that he:

> gave little weight to Dr. Allen's opinion. The Course of treatment pursued by [] Dr. Allen was not consistent with what one would expect if the claimant were truly disabled, as the doctor has reported. Moreover, although Dr. Allen did have a treating relationship with the claimant, the record revealed that actual treatment visits were relatively infrequent."

(ECF No. 16 at 25). This statement follows the proper procedure for evaluating a treating physician's opinion, as the ALJ initially determined that Dr. Allen's opinion was inconsistent with substantial evidence in the record and then applied a factor listed in 20 C.F.R. § 404.1527(c)(2), the frequency of examination, in determining the weight to give to Dr. Allen's opinion.

The ALJ's determination that Dr. Allen's opinion is inconsistent with the record is supported by substantial evidence. As the ALJ noted, Hillen's treatment for his medical conditions was "essentially

routine and conservative in nature. He did not require emergency room or hospital treatment or extensive evaluation or testing." (ECF No. 16 at 23). Dr. Allen's own notes focus on routine check-ups and refilling prescriptions and fail to indicate that Hillen's condition was so severe that he would, for example, be unable to sit for more than one hour for an entire workday. In addition, the ALJ cited several other medical opinions that reached different conclusions from Dr. Allen's. (*Id*. at 24-25). This type of evidence has been found to provide sufficient support for an ALJ's determination by the 9th Circuit. *See Connett v. Barnhart*, 340 F.3d 871, 874-75 (9th Cir. 2003) (lack of support in the physician's own treatment notes); *Thomas*, 278 F.3d at 956-957 (conflicting opinions of physicians). Therefore, the Court recommends denying Hillen's motion to reverse or remand and granting the Commissioner's motion to affirm.

## II.     Discounting Hillen's Credibility

In finding that Hillen in able to perform sedentary work, the ALJ discounted Hillen's testimony that he would be unable to handle work that would allow him to sit in one place and move around when needed because he would "be laid out…the next day…if not two or three days or a week" due to back pain. (ECF No. 16 at 42, 48). Hillen argues that in discounting his testimony, the ALJ failed to cite to specific citations in the record, simply recited medical evidence without explaining its impact on the ALJ's determination, and failed to take into account Hillen's good work history. (ECF No. 25 at 13-15).

If the ALJ decides to discount the claimant's testimony regarding his or her subjective symptoms, the ALJ must engage in a two-step analysis before finding the claimant's testimony lacks credibility. SSR 96–7p; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc) (internal quotation marks omitted). The claimant "need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she

need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) ("[T]he Commissioner may not discredit the claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence.").

Second, if the claimant meets this first test, and there is no evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms by offering specific, clear and convincing reasons for doing so." *Smolen*, 80 F.3d at 1281; *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006) ("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each.").[2]

To support a finding of less than fully credible, the ALJ is required to point to specific facts in the record that demonstrate that the individual's symptoms are less severe than he claims. *Vasquez*, 572 F.3d at 592. General findings are not sufficient; the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). In weighing a claimant's credibility, the ALJ may consider factors such as (1) objective medical evidence; (2) reputation for truthfulness; (3) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (4) inconsistencies in testimony or between testimony and conduct; (5) the claimant's daily activities; (6) and the claimant's treatment history. SSR 96-7p; *see also Orn v. Astrue*, 495 F.3d 625, 636-639 (9th Cir. 2007); *Ghanim v. Colvin*,

---

[2] At the time of the ALJ's decision, the credibility analysis was governed by SSR 96-7p. Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p. While Hillen asserts SSR 16-3p applies, his assertion is internally inconsistent, as he also states he "does not contend that the new ruling defeated any reliance on the old ruling." (ECR No. 25 at 12). The ALJ's decision regarding Hillen's claim was issued on July 18, 2014. Thus, SSR 96-7p governed the ALJ's decision and the Court will review the ALJ's decision under the guidance provided in SSR 96-7p.

763 F.3d 1154, 1163 (9th Cir. 2014).  If the "ALJ's credibility finding is supported by substantial evidence in the record, [a court] may not engage in second-guessing."  *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

After reviewing the administrative record, the parties' briefs, and applicable law, the Court finds that the ALJ provided clear and convincing reasons for finding Hillen's testimony not fully credible.  The ALJ first found that Hillen's medically determinable impairments could reasonably be expected to cause the alleged symptoms.  (ECF No. 16 at 25).  But, the ALJ found that Hillen's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible.  (*Id.*).  The ALJ found that Hillen's conservative course of treatment, failure to mention allegedly disabling back pain to medical providers on numerous occasions, and the objective medical evidence were inconsistent with Hillen's allegations.  (*Id*. at 23-25).

All of those considerations have been found to be proper by the Ninth Circuit.[3]  In addition, all of the ALJ's findings are supported by substantial evidence.  (ECF No. 16 at 23-25 (providing citations to the record)).  Assuming, *arguendo*, it was an error for the ALJ to omit any mention of work history in his credibility determination, the error is harmless in light of the other factors weighing against Hillen's credibility.  *Brown-Hunter*, 806 F.3d at 492 (a decision will be upheld if the error "is inconsequential to the ultimate nondisability determination") (quoting *Treichler*, 775 F.3d at 1099).  Therefore, the Court recommends denying Hillen's motion to reverse or remand and granting the Commissioner's motion to affirm.

---

[3] *See e.g.*, *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although a lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis"); *see also Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) (an ALJ may permissibly consider the claimant's conservative treatment in making an adverse credibility determination); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (same for inconsistent statements).

ACCORDINGLY,

IT IS RECOMMENDED that Plaintiff Chadd Hillen's Motion for Reversal and/or Remand (ECF No. 25) be DENIED.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm. (ECF No. 27) be GRANTED.

IT IS SO RECOMMENDED.

DATED this 12th day of September, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE